**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 25 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

PAUL SAMUEL JOHNSON,

Plaintiff - Appellant,

v.

FONG, Warden; et al.,

Defendants - Appellees.

No. 11-17896

D.C. No. 4:11-cv-02058-CW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted September 10, 2012[**]

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Paul Samuel Johnson, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging

constitutional violations. We have jurisdiction under 28 U.S.C. § 1291. We

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

review de novo a dismissal under 28 U.S.C. § 1915A.  *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm in part, vacate in part, and remand.

The district court properly dismissed Johnson's claims relating to his disciplinary hearing and the circumstances surrounding it as barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), because Johnson failed to allege that the results of the disciplinary hearing had been invalidated.  *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (claims based on allegations that necessarily imply the invalidity of the punishment imposed are not cognizable under § 1983).

The district court erred, however, in dismissing at the screening stage Johnson's claim relating to the alleged unlawful conditions of confinement at San Quentin Security Housing Unit on the ground that Johnson failed to demonstrate exhaustion of his administrative remedies in his complaint and attachments thereto. *See Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that failure to exhaust is an affirmative defense under the Prison Litiagtion Reform Act and that inmates are not required to specially plead or demonstrate exhaustion in their complaints).  We therefore vacate the judgment in part and remand for further proceedings consistent with this disposition.

Johnson shall bear his own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**